## Petition of NORMAN D. KANE.

No. 10973
Decided May 28, 1965
402 P.2d 403

PER CURIAM.

MEMO OPINION.

This is an original proceeding. Norman D. Kane, an inmate of the Montana State Prison, appearing pro se, filed with this court an application for a writ of habeas corpus.

Kane alleges that on June 17, 1961, he entered a plea of guilty to the crime of forgery in the district court at Chinook, Montana, and was sentenced to a term of five years in the state prison. He does not challenge either the conviction or sentence. Kane further alleges that he was granted parole on or about April 19, 1964, and returned to the prison as a parole violator

on or about July 2, 1964, and thereupon forfeited all earned good time in accordance with the rules and regulations of the prison as promulgated by the Department of Public Institutions. Further, that on or about January 1, 1965, the state prison warden announced new rules and regulations governing the earning back of good time lost as a result of parole violation. That on April 1, 1965, the Attorney General of Montana issued an Opinion to the Director of the State Board of Pardons in which he held that a prisoner's good time, earned and later forfeited under Section 80-740, R.C.M.1947, cannot be restored.

The Opinion of the Attorney General reads:

"Section 80-740, R.C.M.1947, provides that earned good time may be forfeited for a violation of the rules and regulations prescribed by the department of public institutions or warden. No statutory authority exists for the restoration of good time lost through forfeiture resulting from a parole violation. Therefore, if a power to restore good time exists at all, it can exist only as a power which is necessarily implied under the statute.

"The Montana Supreme Court has held that state officers and agencies have no implied powers other than those necessary for the effective exercise of those powers expressly conferred (State ex rel. Dragstedt v. State Board of Education, 103 Mont. 336, 62 P.2d 330 (1936)). The statute does not expressly confer any power in the department or warden to restore lost good time. Further, it does not appear that the power to restore lost good time is necessary for the effective exercise of the power to forfeit which is expressly conferred.

"It should also be noted that the statute expressly mentions the authority to forfeit good time but makes no reference whatsoever to any authority to restore good time. In this connection the Supreme Court has held that where there is an express mention of certain authority in a statute, the mentioning

of it implies the exclusion of any other authority. Reed v. Reed, 130 Mont. 409, 304 P.2d 590 (1956).

"For these reasons it is my opinion that an inmate's lost good time, once forfeited, cannot be restored."

Further, that pursuant to such Opinion the warden discontinued the policy enabling inmates to earn back good time lost on parole violation, effective March 31, 1965.

Kane alleges that as a result of these facts his discharge date under his term of imprisonment was recomputed to the extent that his sentence was considerably lengthened; that the action of the penal authorities in attempting to restore good time to parole violators was not an abuse of discretion and that the Opinion of the Attorney General is an interference with such discretionary acts and has had the effect of unlawfully lengthening and extending petitioner's prison term.

We concur in the interpretation of the law as given by the Attorney General in his Opinion. Further, the effect of such Opinion has not lengthened or extended any term of imprisonment.

Section 94-9832, R.C.M.1947, provides in part: "A parole shall be ordered only for the best interest of society, not as an award of clemency; it shall not be considered a reduction of sentence or pardon. * * * Every prisoner while on parole shall remain in the legal custody of the institution from which he was released, but shall be subject to the orders of the board."

Section 94-9833, R.C.M.1947, provides:

"A prisoner having served one-fourth ($\frac{1}{4}$) of his term or terms, less good time allowances, shall upon parole, be deemed as released on parole until the expiration of the maximum term or terms for which he was sentenced less good time allowances as provided in section 80-740."

Section 94-9840, R.C.M.1947, provides:

"The period served on parole or conditional release shall be deemed service of the term of imprisonment, and, subject to the provisions contained in section 18 [94-9838] herein relating

to a prisoner who is a fugitive from, or has fled from, justice, the total time served may not exceed the maximum term or sentence. When a prisoner on parole or conditional release has performed the obligations of his release, the board shall make a final order or discharge and issue a certificate of discharge to the prisoner."

As this court stated in State ex rel. Herman & Roy v. Powell, 139 Mont. 583, 586, 367 P.2d 553:

"The state board of pardons, hereinafter referred to as the 'Board,' has no power, statutory or otherwise, to change or alter relators' maximum sentences. Its power is limited to permitting a convict to leave the enclosure of the Montana State Prison after he has served a period of confinement fixed for him by the Board in accordance with R.C.M.1947, § 94-9833.

"R.C.M.1947, § 94-9832, provides:

" 'The board shall *release on parole* any person confined in the Montana state prison, except persons under sentence of death, *when in its opinion there is reasonable probability that the prisoner can be released without detriment to himself or to the community * * *.*' Emphasis supplied. * * *

"A parole releases from confinement a convict who has been committed to an institution, before the expiration of his sentence. R.C.M.1947, § 94-9823, subd. (b), gives the following definition of the word 'parole':

" ' "Parole" is the release to the community of a prisoner by the decision of the board prior to the expiration of his term subject to conditions imposed by the board and subject to its supervision.' * * *

"* * * A 'release on parole,' on the other hand, is merely a conditional release from actual confinement contingent upon future conduct and subjecting the person so released to future confinement for the unserved portion of his sentence, or sentences, if he should violate the conditions of his parole."

It is clear from our statutory law and the opinions of this court that no reduction of sentence occurs by release upon

parole, and a prisoner remains under legal custody and supervision until the expiration of the maximum term to which he was sentenced, less good time allowances earned. When the sentence has been served, either by confinement, parole or conditional release, a prisoner is entitled to a certificate of discharge. Parole or conditional release are under the jurisdiction of the State Board of Pardons and they have no power to change or alter maximum sentences.

For these reasons petitioner's term of imprisonment has not been lengthened or extended, it remains the same as when it was imposed.

The petition being without merit, it is denied.